FILED
AUG 17 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA, )
Plaintiff, )
v. )
CORY HUTCHESON, ) No. S1-1:18-CR-00041 SNLJ-ACL
Defendant. )

**SUPERSEDING INDICTMENT**

The Grand Jury charges that:

**INTRODUCTION**

At all times relevant to this Superseding Indictment:

**SECURUS TECHNOLOGIES**

1. Securus Technologies ("Securus") is a private company headquartered in Dallas, Texas, that provides telephone service to inmates at thousands of correctional facilities located across the country, including the Mississippi County Detention Center.

2. Beginning in 2013, in addition to providing inmate call services to correctional facilities, Securus also offered a service called Location Based Services ("LBS") to its law enforcement clients.

3. LBS allowed registered users to obtain cell tower location data on a particular mobile telephone number. Securus gained access to that data by purchasing it from 3C Initiative, a company that purchased access from a company called Location Smart, which in turn purchased access rights directly from telecommunications service providers (*e.g.* AT&T, Sprint,

Verizon, etc.).

4. This capability enabled Securus' registered users to obtain latitude and longitude coordinates for a telephone number ("location data") entered into the LBS platform database, in other words, to ascertain the physical location of a particular mobile telephone at any given time.

5. In order to obtain location data using the LBS platform, a registered user would open the Securus program and manually enter the telephone number of the person the user was attempting to locate.

6. Securus' software required registered users to upload a document and then to manually check a box stating that "[b]y checking this box, I hereby certify the attached document is an official document giving permission to look up the location on this phone number requested."

7. The user next clicked "Get Location," and the Securus software would generate a Google Map with a pin dropped at the latitude and longitude where that phone number was located, as well as providing an address for the phone's physical location.

8. If a user either failed to upload a document or to check the certification box, the "Get Location" function would reject the user's location data request.

9. The Securus LBS User Acceptance Policy requires the user to "comply with all privacy, consumer protection, marketing, data security, and other relevant laws, regulations and government guidelines applicable to [c]ustomer's access to and use of information obtained in connection with or through use of the LBS application."

**MISSISSIPPI COUNTY DETENTION CENTER**

10. The Mississippi County Sheriff's Office is responsible for the administration of the Mississippi County Detention Center.

11. In July of 2008, Securus contracted with the Mississippi County Detention Center, in the Southeastern Division of the Eastern District of Missouri, to provide a number of inmate communication services to the Mississippi County Detention Center, including telephone calls and electronic mail.

12. In 2014, Securus began providing the Mississippi County Detention Center with access to its LBS platform. In order to fund Mississippi County's access to the LBS platform, Securus increased the rate charged for inmate telephone calls.

13. From 2014 through 2016, the Mississippi County Sheriff's Office employed the defendant, **CORY HUTCHESON**, as Jail Administrator of the Mississippi County Detention Center.

14. In November of 2016, the defendant was elected Sheriff of Mississippi County and took office on January 1, 2017.

15. As Jail Administrator and as Sheriff, the defendant had access to the entire suite of Securus services contracted for by the Mississippi County Sheriff's Office, including the LBS platform.

16. In April of 2014, the defendant became an authorized user of the Securus LBS software, and as such, was subject to the terms of the LBS User Agreement.

**COUNTS 1-10**
**WIRE FRAUD: 18 U.S.C. § 1343**

**THE SCHEME**

17. Paragraphs 1 to 16 are incorporated by reference as if fully set out herein.

18. From in or about April of 2014 through in or about March of 2017, the defendant, **CORY HUTCHESON**, devised and intended to devise a scheme to obtain property, to wit, location data, by means of materially false and fraudulent pretenses, representations and

promises.

**MANNER AND MEANS**

19. It was part of the scheme that the defendant routinely uploaded false and fraudulent documents to the Securus LBS platform, each time representing that the uploaded documents were valid legal process authorizing the location requests the defendant made, when in fact, often the documents had no legal force at all or did not authorize the acquisition of location data.

20. It was part of the scheme that the defendant uploaded to the Securus platform affidavits purporting to reflect the consent of the targeted phone user to the defendant's request for location data, when in fact, the targeted phone user had not consented and had not executed the consent form uploaded by the defendant.

21. It was part of the scheme that the defendant uploaded legally defective search warrants that either did not authorize the acquisition of location data, were unsigned, or had no connection to the targeted phone user.

22. It was a part of the scheme that the defendant also uploaded documents including his health insurance policy, his auto insurance policy and pages selected from Sheriff training materials.

23. It was part of the scheme that, after uploading each false and fraudulent document to the LBS platform, the defendant checked a box certifying as follows: "By checking this box, I hereby certify the attached document is an official document giving permission to look up the location on this phone number requested."

24. It was further part of the scheme that after uploading the false and fraudulent document, the defendant entered a mobile telephone number belonging to the individual the

defendant wished to locate, and clicked "Get Location," causing an interstate wire transmission to occur.

25. It was further part of the scheme that the defendant obtained the location data of mobile telephone users, including law enforcement officers, personal associates and friends, as well as a judge, without required legal process or authorization.

26. It was further part of the scheme that between in or about April of 2014 and in or about March of 2017, the defendant submitted thousands of Securus LBS requests and obtained the location data of individual phone subscribers without valid legal authorization, and, often, without the consent or even knowledge of the targeted individual.

27. On or about each of the dates set forth below, in the Southeastern Division of the Eastern District of Missouri, the defendant,

**CORY HUTCHESON,**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | TARGETED NUMBER | WIRE TRANSMISSION |
|---|---|---|---|
| 1 | July 22, 2014 | (XXX) XXX-1769 | Consent Affidavit uploaded as legal process to Securus LBS platform |
| 2 | October 12, 2014 | (XXX) XXX-3643 | Consent Affidavit uploaded as legal process to Securus LBS platform |
| 3 | October 12, 2014 | (XXX) XXX-3547 | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |
| 4 | October 12, 2014 | (XXX) XXX-1050 | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |
| 5 | October 23, 2014 | (XXX) XXX-7340 | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |

| COUNT | DATE | TARGETED NUMBER | WIRE TRANSMISSION |
|---|---|---|---|
| 6 | October 30, 2014 | (XXX) XXX-1213 | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |
| 7 | January 27, 2017 | (XXX) XXX-1261 | David Sprinkles Search Warrant uploaded as legal process to Securus LBS platform |
| 8 | February 24, 2017 | (XXX) XXX-4376 | Afflac Accident Policy uploaded as legal process to Securus LBS platform |
| 9 | February 24, 2017 | (XXX) XXX-4476 | Afflac Accident Policy uploaded as legal process to Securus LBS platform |
| 10 | March 26, 2017 | (XXX) XXX-5167 | Anthem Health Insurance Policy uploaded as legal process to Securus LBS platform |

All in violation of Title 18, United States Code, Section 1343.

**COUNTS 11 – 19**
**IDENTITY THEFT: 18 U.S.C. § § 1028(a)(7) & (b)**

28. Paragraphs 1 to 27 are incorporated by reference as if fully set out herein.

29. On or about the dates listed below, in the Southeastern Division of the Eastern District of Missouri, the defendant, **CORY HUTCHESON**, did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, a personal mobile telephone number issued to the individuals identified below, knowing that the means of identification belonged to another person, with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, to wit: Wire Fraud, in violation of 18 U.S.C. § 1343, and Fraud In Connection With Obtaining Confidential Phone Records Information, in violation of 18 U.S.C. § 1039(c)(1):

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 11 | August 14, 2014 | (XXX) XXX-1769 issued to J.H. |

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 12 | October 12, 2014 | (XXX) XXX-3643 issued to S.S. |
| 13 | October 12, 2014 | (XXX) XXX-3547 issued to J.J. |
| 14 | October 12, 2014 | (XXX) XXX-1050 issued to W.C. |
| 15 | October 12, 2014 | (XXX) XXX-1213 issued to J.P. |
| 16 | October 23, 2014 | (XXX) XXX-7340 issued to D.D. |
| 17 | January 28, 2017 | (XXX) XXX-1261 issued to J.S. |
| 18 | February 24, 2017. | (XXX) XXX-4376 issued to L.M. |
| 19 | February 24, 2017 | (XXX) XXX-4476 issued to V.E. |

All in violation of Title 18, United States Code, Sections 1028(a)(7) & (b).

**COUNTS 20-28**
**FRAUD IN CONNECTION WITH RECEIPT OF CONFIDENTIAL PHONE RECORDS INFORMATION: 18 U.S.C. § 1039(c)(1)**

30. Paragraphs 1 to 29 are incorporated by reference as if fully set out herein.

31. On or about the dates listed below, in the Southeastern Division of the Eastern District of Missouri, the defendant, **CORY HUTCHESON**, did knowingly and intentionally receive, and attempt to receive, in interstate commerce, confidential phone records information of a covered entity, to wit, location data of the mobile telephone users identified below, without prior authorization from the customer to whom such confidential phone records information related and knowing and having reason to know such information was obtained fraudulently, while violating another law of the United States, to wit, wire fraud, in violation of 18 U.S.C. § 1343 and identity theft, in violation of 18 U.S.C. § 1028(a)(7), as follows:

| COUNT | DATE | PHONE RECORDS INFORMATION | FRAUDULENT DOCUMENT |
|---|---|---|---|
| 20 | October 12, 2014 | Telephone location data pertaining to mobile number (XXX) XXX-3643 issued to S.S. | Consent Affidavit uploaded as legal process to Securus LBS platform |
| 21 | October 12, 2014 | Telephone location data pertaining to mobile number (XXX) XXX-3547 issued to J.J. | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |
| 22 | October 12, 2014 | Telephone location data pertaining to mobile number (XXX) XXX-1050 issued to W.C. | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |
| 23 | October 12, 2014 | Telephone location data pertaining to mobile number (XXX) XXX-1213 issued to J.P. | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |
| 24 | October 23, 2014 | Telephone location data pertaining to mobile number (XXX) XXX-7340 issued to D.D. | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |
| 25 | October 31, 2014 | Telephone location data pertaining to mobile number (XXX) XXX-1769 issued to J.H. | Exigent Circumstance Affidavit uploaded as legal process to Securus LBS platform |
| 26 | January 27, 2017 | Telephone location data pertaining to mobile number (XXX) XXX-1261 issued to J.S. | David Sprinkles Search Warrant uploaded as legal process to Securus LBS platform |
| 27 | February 24, 2017 | Telephone location data pertaining to mobile number (XXX) XXX-4376 issued to L.M. | Afflac Accident Policy uploaded as legal process to Securus LBS platform |
| 28 | February 24, 2017 | Telephone location data pertaining to mobile number (XXX) XXX-4476 issued to V.E. | Afflac Accident Policy uploaded as legal process to Securus LBS platform |

All in violation of Title 18, United States Code, Sections 1039(c)(1) and (d).

Dated: ________________

A TRUE BILL.

________________________________
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

________________________________
Keith D. Sorrell, #38283MO
Assistant United States Attorney