UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CR-00041 JAR |
| | ) | |
| CORY HUTCHESON, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Gwendolyn Carroll and Lindsay McClure-Hartman, Assistant United States Attorneys for said District, and for its Sentencing Memorandum, states as follows:

The Federal Grand Jury in the Eastern District of Missouri, Southeastern Division, returned an indictment charging the defendant with identity theft in violation of Title 18, United States Code, §§ 1028(a)(7), (b) on March 15, 2018. On August 17, 2018, the Grand Jury returned a superseding indictment charging the defendant with wire fraud, in violation of Title 18, United States Code, § 1343, identity theft, in violation of Title 18, United States Code, §§ 1028(a)(7), (b), and fraud in connection with receipt of confidential phone records information, in violation of Title 18, United States Code, § 1039(c)(1). The defendant entered a guilty plea on November 20, 2018 to one count of wire fraud and one count of identity theft. The Government agrees with the conclusion reflected in the Final Presentence Investigation Report ("PSR") that the total offense level applicable in this case after all enhancements is *12*. PSR ¶40. The defendant has a criminal history category of I. PSR ¶44. Therefore, the advisory guideline imprisonment range as reflected

in the PSR is *10 to 16 months*. PSR ¶72. For the reasons that follow, the Government requests a sentence of imprisonment for *16 months* on counts 8 and 18, with all terms to run concurrently. The Government also requests that any period of incarceration be followed by a period of supervised release of 3 years on counts 8 and 18, with all terms to be served concurrently.

I.  History and Characteristics of Defendant

*Criminal History*

The defendant has no prior criminal convictions resulting in a criminal history category of I. PSR ¶44. However, the defendant currently faces pending charges of felony forgery, misdemeanor tampering with computer data, notary misconduct, first degree robbery, fourth degree assault, and false declaration in the Circuit Court of Mississippi County. PSR ¶46-47.

*History in Law Enforcement*

The defendant has a disturbing past in law enforcement involving numerous incidents of abusing the power bestowed upon him as a law enforcement officer. The defendant committed the instant offense in his capacity as a Mississippi County Sheriff's Department ("MCSD") deputy from 2014 through 2016, and continued the conduct once he became Sheriff of Mississippi County on January 1, 2017. The defendant's conduct in the instant case is simply one example of his penchant for lawless behavior during his tenure as a law enforcement officer. The defendant's conduct in the instant case is particularly alarming in light of the numerous claims that have been lodged against him in the course of his employment with the MCSD. He has been and is currently a defendant in numerous civil law suits filed by the families of Mississippi County Detention Center detainees who have died while in defendant Hutcheson's custody as the Jail Administrator and as the MCSD Sherriff. PSR ¶69, See Gov. Ex. 1, 2, 3 (Civil Rights lawsuits filed in 2016,

2017 and 2018). He was also a party to a settlement agreement regarding one of the above-referenced civil rights lawsuits involving the death of an inmate, which was before this Honorable Court on June 27, 2018. The settlement agreement resulted in a payment from Mississippi County to the complainant of $206,575.58. See Gov. Ex. 4 (Settlement Agreement).

II.     Nature and Circumstances of Offense

The instant offenses to which the defendant has pled guilty are further evidence of defendant's abuse of power and belief that the requirements of the law simply do not apply to him. He abused his position as a law enforcement officer to violate the Constitutional and privacy rights of over 200 citizens.

In 2014, Securus Technologies ("Securus"), a private telephone service company specializing in services to correctional facilities and law enforcement, began offering a service called Location Based Services ("LBS") to the Mississippi County Detention Center. In April of 2014, the defendant became an authorized user of the Securus LBS software. LBS allowed the defendant to obtain cell tower location data on a particular mobile telephone number, specifically latitude and longitude coordinates for a telephone number ("location data") entered into the LBS platform database. Specifically, LBS allowed the defendant to ascertain the physical location of a particular mobile telephone at any given time. However, in order to obtain that highly sensitive location data, the defendant was required to enter a telephone number into the LBS platform and then upload a document manually checking a box, the text of which stated, "[b]y checking this box, I hereby certify the attached document is an official document giving permission to look up the location on this phone number requested."[1] The defendant then clicked "Get Location," and

---

[1] The type of legal process required to obtain this information is a properly applied for and executed search warrant based on a probable cause standard.

the Securus software would generate a Google Map with a pin dropped at the exact latitude and longitude where that phone number was located, as well as provide an address for the phone's physical location. If the defendant failed to upload a document or check the certification box, the "Get Location" function would reject his location data request.

Instead of uploading the required legal process (required of every other law enforcement officer), the defendant routinely uploaded false and fraudulent documents to the Securus LBS platform, each time representing that the uploaded documents were valid legal process authorizing the location requests the defendant made. In fact, the documents uploaded by the defendant had no legal force at all or did not authorize the acquisition of the location data. The defendant uploaded to the Securus platform affidavits purporting to reflect the consent of the targeted phone user to the defendant's request for location data, when in reality, the targeted phone user had not consented and had not executed the consent form uploaded by the defendant. The defendant uploaded legally defective search warrants that either did not authorize the acquisition of location data, were unsigned, or had no connection to the targeted phone user. In most of these instances, the defendant even notarized his own signature. Further, the defendant had the audacity to upload entirely irrelevant documents including his health insurance policy, his auto insurance policy, and pages selected from Sheriff training materials.

Between April of 2014 and March of 2017, the defendant submitted thousands of Securus LBS requests and obtained the location data of hundreds of individual phone subscribers without valid legal authorization, and, often, without the consent or even knowledge of the targeted individual. The privacy right the defendant violated by obtaining this location data illegally is so sacred that the Supreme Court has recognized and enshrined that right against all who would

encroach upon it. In fact, the right to privacy violated by the defendant's requests is one of the watershed rules of Supreme Court jurisprudence. Moreover, the defendant was interviewed by FBI agents in December of 2014 regarding his use of the LBS platform. Even after he was interviewed by the FBI, the defendant continued to seek and obtain unauthorized location data for hundreds of individuals for another two years. The defendant's victims included state law enforcement officers, including Missouri State Highway Patrol officers, a Mississippi County prosecuting attorney, and a Mississippi County Circuit Judge. The defendant's conduct has resulted in the dismissal of dozens of cases brought based on information he obtained illegally in an abuse of many suspect's constitutional rights.

The defendant's criminal conduct was flagrant, audacious, and made it crystal clear that he felt constrained by no law or moral code. He abused his access to a law enforcement database for his own whims and professional advancement. The defendant's conduct evinces a complete lack of respect for the rights of ordinary citizens and of the honor and character citizens expect and demand from their law enforcement officers. The defendant betrayed the trust that citizens place in those sworn to protect and serve them, and he deprived them of the honest services that they had a right to expect from him as a police officer. In the end, the defendant's crime in the instant case represents a pattern of reckless behavior that characterizes his entire career in law enforcement.

III.  Sentencing Objectives

Pursuant to 18 U.S.C. § 3553(a)(2), a court's imposed sentence must reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. A custodial sentence at the high end of the applicable guideline range would

adequately address these sentencing goals in the instant case. The defendant's criminal behavior betrayed a clear disrespect for the law. A sentence at the high end of the guideline range would make clear to all law enforcement officers that such blatant disrespect for the rights of citizens and laws of the United States will not be tolerated. This achieves the important dual purposes of promoting respect for the law and deterring similar future conduct.

Police officers are called upon to protect and serve their communities honestly and with integrity, and the public rightly expects that law enforcement will conduct themselves in that manner. They are the guardians tasked with protecting the public from lawbreakers. When a police officer betrays that trust, becomes a lawbreaker, and intentionally victimizes citizens in the process, he should be punished accordingly. The brazen criminal conduct in which the defendant engaged, in his capacity as a police officer, warrants an appropriate response from the Court. In this case, a sentence at the high end of the guideline range would be an appropriate response and a just punishment.

Additionally, in determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. *See* 18 U.S.C. 3661; *see also Witte v. United States*, 515 U.S. 389, 399-401 (1995) (noting that sentencing courts have traditionally considered a wide range of information without the procedural protections of a criminal trial, including information concerning criminal conduct that may be the subject of a subsequent prosecution); *Nichols v. United States*, 511 U.S. 738, 747-48 (1994) (noting that district courts have traditionally considered defendant's prior criminal conduct even when the conduct did not result in a conviction). Thus, unlike a jury applying a reasonable doubt standard, the district court at sentencing evaluates the facts by viewing a wide variety of reliable information using a

6

preponderance of evidence standard. *United States v. McKanry*, 628 F. 3d 1010, 1020 (8th Cir. 2011).

WHEREFORE, based on the analysis of the aforementioned § 3553(a) factors, the Government respectfully requests that the Court impose a sentence of **16 months** of incarceration, to be followed by **3 years** of supervised release.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Lindsay McClure-Hartman*
GWENDOLYN CARROLL #4657003NY
LINDSAY MCCLURE-HARTMAN #66070MO
Assistant United States Attorney
111 S. 10th Street, Room 20.222
St. Louis, Missouri 63l02
(314) 539-2200

CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2019, the foregoing was filed electronically with the Clerk of the Court, under seal, and was served by electronic mail upon defense counsel.

*/s/ Lindsay McClure-Hartman*
LINDSAY MCCLURE-HARTMAN #66070MO
Assistant United States Attorney